**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER ALAN WHITED,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:12cv00369** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER FRITZ,** *et al.*, | ) | **By: Norman K. Moon** |
| **Defendants.** | ) | **United States District Judge** |

Christopher Alan Whited, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendant Fritz verbally harassed and threatened him.  I find that Whited has not stated a claim upon which relief may be granted and therefore, will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

While in the medical unit on May 15, 2012, Whited alleges that Officer Fritz told Whited and "four to six other diabetics," "Listen you guys, so that you don't get it twisted, if you spit on us, we have the right to kill you! Who would care anyway, you guys are just fucking inmates." Whited argues that Officer Fritz's statements were "degrading, disrespectful, inflammatory, . . . threatening, . . . . highly unprofessional, and out of order."  As relief, Whited seeks an apology from Frtiz and transfer to a Virginia Department of Corrections facility.

**II.**

Whited alleges that Officer Fritz verbally threatened and harassed him.  I find that his allegations do not rise to the level of a constitutional violation.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983.  *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Johnson v. Laham*, 9 F.3d 1543 (4th Cir. 1993).  The Constitution does not "protect against all intrusions on one's peace of mind."  *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991).  Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest.  *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D. N.C. 1990), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); *Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."); *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (humiliating, denigrating, and frightening verbal abuse may be actionable as state tort, but does not state a fourteenth amendment claim); *Keyes v. City of Albany*, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").  Because Whited has alleged nothing more than verbal harassment or a verbal threat, I find that Whited has not alleged a claim of constitutional magnitude.

## III.

For the reasons stated, I find that Whited has not presented any claims on which relief can be granted, and therefore, will dismiss his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER:  This 27th day of September, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, to the extent Whited names the Southwest Virginia Regional Jail Authority as a defendant to this action, I find that he has failed to state a constitutional claim. "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Whited has failed to show that any official policy of the Southwest Virginia Regional Jail Authority was responsible for the constitutional violations he allegedly suffered